**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-30298
Summary Calendar

MACK HENRY RICHARDSON,

Plaintiff-Appellant,

VERSUS

U.S. DEPARTMENT OF VETERANS AFFAIRS; ALLEN S. GOSS,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-2392

February 2, 1999

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Mack Richardson, a veteran, filed suit against the the United States Department of Veterans Affairs and Allan Goss, director of the VA's medical center in Alexandria, Louisiana, alleging a violation under 42 U.S.C. § 1983. He also alleged that he was denied due process of law because he was denied access to the medical center based on criminal charges without an opportunity for a hearing, and that there was no forum or remedy by which to seek restored access to the medical center. The district court dismissed Richardson's suit for failure to state a claim upon which relief could be granted under Fed. R. Civ. P. 12(b)(6) and for

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[2]  On appeal, Richardson argues that the defendants violated his First Amendment rights by barring him from the VA medical center following several incidents in which Richardson expressed his difference of opinion regarding treatment of his condition.  Reading Richardson's inarticulate brief liberally, it appears that he has raised the following claims: 1) a § 1983 civil rights violation; 2) a *Bivens* claim[3] for violation of his constitutional rights; and 3) a Federal Tort Claims Act violation.  None of Richardson's claims has merit.  We affirm.

Richardson has failed to state a claim upon which relief can be granted.  He initially characterized his claim as arising under 42 U.S.C. § 1983.  This statute applies only to state actors, and not to federal agencies.[4]  The VA is a federal agency, and its employees are federal actors.  There can be no claim under § 1983, and the district court's dismissal was proper.

The district court also properly dismissed Richardson's claims for lack of subject-matter jurisdiction.  District courts lack subject-matter jurisdiction in any dispute, such as this one, which concerns the denial of veterans' benefits.[5]  Although Richardson has cloaked his complaint in the mantle of the First Amendment, he is only challenging the fact that his benefits were withheld for a period of time.  Thus, the district court lacked subject-matter jurisdiction.  Even if this case is characterized as one of constitutional dimension, and not simply a dispute over denied VA benefits, the district court still lacks subject-matter jurisdiction; no *Bivens* remedy exists against

---

[2]     While the district court did not expressly state its grounds for dismissal, it did state that  "we support the government's position and find no purpose will be served to rehash the various arguments of the parties."  Record 2, 161.  The government had argued in its Motion to Dismiss that Richardson's complaint failed to state a claim upon which relief could be granted and that the district court lacked subject matter jurisdiction.  Record 1, 25-51.

[3]     In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court established that the Constitution may, in some circumtances, support a private cause of action against federal officials for constitutional torts.

[4]     *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1053 (5th Cir. 1993).

[5]     *Zuspann v. Brown*, 60 F.3d 1156, 1158-59 (5th Cir. 1995).

2

VA employees.[6]  Richardson's First Amendment claim cannot be brought under the Federal Torts Claims Act either.  Constitutional torts, such as the instant one alleged, are not cognizable under this Act.[7]

Accordingly, Richardson's claim was properly dismissed for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction.

AFFIRMED.

---

[6]      *Id.* at 1161.

[7]      *See F.D.I.C. v. Meyer*, 510 U.S. 471, 476-78 (1994).